## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WISCONSIN

In Re: MICHAEL JOHN LUECK, JR.
     DANIELLE MARIE LUECK,        Bankruptcy Case No. 18-23407-BEH
                                 Chapter 13
            Debtors.

Scott Lieske
Chapter 13 Trustee,
               Plaintiff,              Adversary Proceeding Complaint

 vs.

HEIGHTS FINANCE CORPORATION       Case No. _____

and

MICHAEL JOHN LUECK, JR.
DANIELLE MARIE LUECK,
           Defendants.

### COMPLAINT TO AVOID THE LIEN INTEREST OF HEIGHTS FINANCE CORPORATION PURSUANT TO 11 U.S.C. § 544 AND FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS

      The above-referenced Plaintiff, Scott Lieske, Chapter 13 Trustee, hereby brings this

Adversary Proceeding to avoid the transfer of property of the estate listed in the proof of claim

filed by HEIGHTS FINANCE CORPORATION on April 25, 2018, and in support, alleges and

states the following:

Prepared by:
Office of the Chapter 13 Trustee
P.O. Box 510920
Milwaukee, WI 53203
T: (414) 271-3943
F: (414) 271-9344
info@chapter13milwaukee.com

## JURISDICTION AND VENUE

1. This adversary proceeding is brought pursuant to 11 U.S.C. §§ 544, 547, 550 and 551 and Federal Rule of Bankruptcy Procedure 7001(2).

2. This adversary proceeding directly relates to the above captioned Chapter 13 proceeding.

3. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409(a).

4. This proceeding is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(F), (K) and (O).

5. This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

6. Debtor filed a Chapter 13 Bankruptcy petition on April 13, 2018 (the "Petition Date") in the United States Bankruptcy Court for the Eastern District of Wisconsin. The Defendant, HEIGHTS FINANCE CORPORATION filed a proof of claim in the above-referenced bankruptcy matter on April 25, 2018.

## PARTIES

7. The Plaintiff, Scott Lieske, is the Standing Chapter 13 Trustee in this case, with principal business having a mailing address of P.O. Box 510920, Milwaukee, Wisconsin 53203.

8. Defendant HEIGHTS FINANCE CORPORATION, upon information and belief, is a domestic corporation, with its registered agent, National Registered Agents, Inc., located at 301 S. Bedford St., Suite 1, Madison, WI 53703, and its principal office located at 7707 N. Knoxville Ave., Suite 201, Peoria, IL 61612-9520.

## COUNT I: AVOIDANCE OF HEIGHTS FINANCE CORPORATION'S LIEN INTEREST

9. Plaintiff realleges and restates paragraphs 1-8 as if fully set forth at length herein.

10. HEIGHTS FINANCE CORPORATION, upon information and belief, holds a Note and Security Agreement allegedly encumbering property purchased by Debtors on or about December 6, 2017, described as follows: one 2005 Chevrolet Tahoe, VIN 1GNEK13T85J205571 (the "Property"). The secured proof of claim filed in the amount of $7,383.96 is based on the Security Agreement entered into with Debtors on December 6, 2017. A copy of the Security Agreement is attached as Exhibit A.

11. Chapter 342 of the Wisconsin Statutes provides the exclusive method of perfecting liens or security interests in motor vehicles, including the Property.

12. HEIGHTS FINANCE CORPORATION, on behalf of Debtors, executed and caused to be submitted to the Wisconsin Department of Transportation a Wisconsin License Plate Application (the " Application") identifying HEIGHTS FINANCE CORPORATION as the lienholder on the Property.

13. The Application was, upon information and belief, received by and processed by the Wisconsin Department of Transportation on or about March 8, 2018 and was perfected on March 8, 2018. A copy of the lien holder inquiry as available on the website for the Wisconsin Department of Transportation is attached as Exhibit B.

14. The perfection of HEIGHTS FINANCE CORPORATION'S lien on the property constitutes an avoidable preference, pursuant to § 547(b) of the Code, as the perfection of the lien:

    (a) was a transfer of an interest of Debtors in property;

    (b) was made to or for the benefit of a creditor, HEIGHTS FINANCE CORPORATION;

3

(c) was for or on account of an antecedent debt owed by Debtors to

HEIGHTS FINANCE CORPORATION before such transfer was made;

(d) was made while Debtors were insolvent;

(e) was made on or within ninety (90) days before the Petition Date; and

(f) enabled HEIGHTS FINANCE CORPORATION to receive more than HEIGHTS

FINANCE CORPORATION would have received had the transfers not been made and/or

had HEIGHTS FINANCE CORPORATION received payment of such debts to the extent

provided by the Bankruptcy Code.

15. HEIGHTS FINANCE CORPORATION'S untimely perfected lien interest in the Property is

avoidable by the Trustee, pursuant to § 544 of the Code.

16. Pursuant to § 551 of the Code, in the event HEIGHTS FINANCE CORPORATION'S

unrecorded lien interest is avoided, said lien interest is preserved for the benefit of the estate.


## COUNT II: PREFERENTIAL PAYMENTS TO HEIGHTS FINANCE CORPORATION PURSUANT TO 11 U.S.C § 547

17. Plaintiff realleges and restates paragraphs 1-16 as if fully set forth at length herein.

18. Upon information and belief, during the ninety (90) days prior to the Petition Date, Debtors

made payments to HEIGHTS FINANCE CORPORATION in the amount of $1,140 (the

"Preferential Payments").

19. Pursuant to 11 U.S.C. § 547(b) the Preferential Payments:

(a) were transfers of interests of Debtors in property;

(b) were made to or for the benefit of a creditor, HEIGHTS FINANCE CORPORATION;

(c) were for or on account of an antecedent debt owed by Debtors to

4

HEIGHTS FINANCE CORPORATION before such transfer was made;

(d) were made while Debtors were insolvent;

(e) were made on or within ninety (90) days before the Petition Date; and

(f) enabled HEIGHTS FINANCE CORPORATION to receive more than HEIGHTS FINANCE CORPORATION would have received had the transfers not been made and/or had HEIGHTS FINANCE CORPORATION received payment of such debts to the extent provided by the Bankruptcy Code.

20. By virtue of the foregoing, the Chapter 13 Trustee avers that the Preferential Payments are voidable transfers pursuant to 11 U.S.C. § 547(b).

21. The Preferential Payments, to the extent that they are avoided pursuant to § 547 of the Code, may be recovered by Plaintiff pursuant to § 550 of the Code.

**WHEREFORE,** Plaintiff, Scott Lieske, Chapter 13 Trustee of the bankruptcy estate of MICHAEL JOHN LUECK, JR. & DANIELLE MARIE LUECK, requests judgment against Defendant as follows:

A. For an Order declaring that HEIGHTS FINANCE CORPORATION'S lien interest in the Property is void;

B. For an Order preserving the property for the benefit of the estate;

C. For an order to deliver title to the Trustee;

D. For an order that requires Debtors to maintain full coverage insurance on the vehicle with the Trustee listed as the loss payee;

E. Allowing HEIGHTS FINANCE CORPORATION to have a general unsecured claim in the underlying bankruptcy case;

F. For an Order avoiding and setting aside the Preferential Payments;

5

G. For an Order that all preconfirmation Adequate Protection payments made by the Trustee shall be refunded to the Trustee;

H. Awarding Plaintiff judgment in an amount equal to the value of the Preferential Payments received by HEIGHTS FINANCE CORPORATION as well as the Adequate Protection payments made by the Trustee, and requiring HEIGHTS FINANCE CORPORATION to immediately pay an such judgment;

I. For the costs of this proceeding; and

J. Granting such other and further relief as this Court deems just and equitable.


Dated at Milwaukee, Wisconsin, on February 10, 2020.


                                        **OFFICE OF CHAPTER 13 TRUSTEE**


                                        /s/_____
                                        Scott Lieske, Trustee
                                        Robert W. Stack, Staff Attorney
                                        Chapter 13 Standing Trustee
                                        P.O. Box 510920
                                        Milwaukee, Wisconsin 53203
                                        T:  (414) 271-3943
                                        F:  (414) 271-9344
                                        info@chapter13milwaukee.com

6